**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-01278 VAP (SPx)                     Date:  October 3, 2012

Title:     WELLS FARGO BANK, NA -v- CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

   This case arises out of a loan Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") made to Defendants Cabazon Band of Mission Indians and East Valley Tourist Development Authority, secured by certain net revenues from Defendants' casino. (See Compl., Ex. A to Not. of Removal (Doc. No. 1), at ¶¶ 7, 13.)

   Wells Fargo filed suit against Defendants in the California Superior Court for the County of Riverside on July 31, 2012, alleging that Defendants had breached the loan contract and asserting the following three claims: (1) breach of contract; (2) injunctive relief requiring Defendants to deposit net gaming revenues into a

EDCV 12-01278 VAP (SPx)
WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
MINUTE ORDER of October 3, 2012

custodial account; and (3) declaratory and injunctive relief regarding Wells Fargo's right of prior consent to restructuring of Defendants' debt with other creditors.

On August 1, 2012, Defendants removed this action from the California Superior Court for the County of Riverside (Not. of Removal (Doc. No. 1)), asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1441(b), which allows removal of cases over "which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." From the face of the Complaint, it appears that Wells Fargo alleges only state-law claims. Thus, the Court ordered Defendants to show cause no later than September 24, 2012, why this case should not be remanded to the Superior Court for lack of subject matter jurisdiction. (Order ("OSC") (Doc. No. 42).) Defendants filed a Response to the OSC ("Defendants' Response") on September 24, 2012 (Doc. No. 43). Plaintiff filed a Response on the same date ("Plaintiff's Response") (Doc. No. 44).

Having considered the papers filed by both parties, the Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court REMANDS the action for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Removal is inappropriate when the district court would not have original jurisdiction over the case. See 28 U.S.C. § 1441(a). A case shall be remanded when the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. DISCUSSION

EDCV 12-01278 VAP (SPx)
WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
MINUTE ORDER of October 3, 2012

  Defendants assert that the Court has original jurisdiction over the case under 28 U.S.C. § 1331, because the action arises under the Indian Gaming Regulatory Act ("IGRA").  (See Not. of Removal ¶ 4.)

  Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "While plaintiffs usually invoke section 1331 jurisdiction for violations of federal law, they also may invoke it over certain state-law claims."  Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund (CALSTAR), 636 F.3d 538, 541 (9th Cir. 2011) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005)).  State-law claims confer federal jurisdiction if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable, 545 U.S. at 314.

  Under the well-pleaded complaint rule, the federal issue must be presented by the plaintiff's claims themselves, and not as part of a defense or counterclaim.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also CALSTAR, 636 F.2d at 542 (holding that "Grable did not implicitly overturn the well-pleaded complaint rule").

  Plaintiff's Complaint asserts claims for damages, injunctive relief, and a judicial declaration, all stemming from Defendants' alleged breach of the parties' loan contract.  These are state-law claims that must fall into the category contemplated by Grable in order for jurisdiction to lie.

  Defendants argue that Wells Fargo's claims fall into the class of state-law claims contemplated by Grable because Wells Fargo's "asserted right to relief depends upon the resolution of a substantial issue of law under the Indian Gaming Regulatory Act."  (Defs.' Resp. at 3.)  Specifically, Defendants argue that Wells Fargo's efforts to enjoin the transfer of the Tribe's net gaming revenues "squarely

EDCV 12-01278 VAP (SPx)
WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
MINUTE ORDER of October 3, 2012

raises a federal issue on its face because, under IGRA, 'sole proprietary interest and responsibility for the conduct of any gaming activity' must remain with the Tribe on an ongoing basis."  (Id. at 4 (quoting 25 U.S.C. § 2710(b)(2)(A)).)

Plaintiff's claims do not fit within the "special and small category," Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006), of state-law claims contemplated by Grable because they do not "necessarily raise" a federal issue.  Section 1331 requires more than the "mere need to apply federal law in a state-law claim."  Grable, 545 U.S. at 313.

In Grable, the Supreme Court found jurisdiction over a suit to quiet title to property that the Internal Revenue Service had seized and sold to the defendant at a tax sale.  545 U.S. at 310–11.  The plaintiff asserted superior title to the property based on allegations that the Internal Revenue Service had failed to provide proper notice of the seizure under 26 U.S.C. § 6335(a).  Id. at 311.  The Court found that jurisdiction was warranted because the plaintiff's claim was premised on a violation of federal law such that the meaning of the federal law was "an essential element" of its claim and the only contested issue in the case.  Id. at 314–15.  The Court also reasoned that the federal government had a strong and "direct interest in the availability of a federal forum to vindicate its own administrative action," and that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor."  Id. at 315.

The Grable Court held up Smith v. Kan. City Title & Trust Co., 255 U.S. 180 (1921), as the classic example of the proper exercise of jurisdiction over state-law claims.  See Grable, 545 U.S. at 312.  In Smith, a shareholder brought a state-law claim to enjoin a corporation from investing in federal bonds on the grounds that federal bonds were unconstitutional.  255 U.S. at 195.[1]

---

[1] Nevertheless, the Grable Court explained that jurisdiction would not lie in every case in which a plaintiff's claims were premised on violation of federal law,

(continued...)

EDCV 12-01278 VAP (SPx)
WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
MINUTE ORDER of October 3, 2012

In CALSTAR, 636 F.3d 538, the plaintiff, which provides air-ambulance rescue services to injured employees, brought state-law claims for quantum meruit, unjust enrichment, and open book account against employers on the grounds that the defendants had underpaid plaintiff for its services by paying the rates specified in the state worker's compensation statute. Id. at 540–41. The plaintiff also sought a declaratory judgment that the state statute was preempted by federal law. Id. at 541. The Ninth Circuit held that plaintiff's claims failed to satisfy the well-pleaded complaint rule because the federal preemption issue was actually a response to the defendants' anticipated defense that they had correctly paid the plaintiff in accordance with the state statute. Id.

---

[1](...continued)
approving the holding in Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986), that federal jurisdiction was lacking over a state negligence per se claim premised on violation of federal misbranding law because "[a] general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts," and it was "improbable that the Congress, having made no provision for a federal cause of action," meant to lay out a "welcome mat" for such claims. Grable, 545 U.S. at 318–19.

The Supreme Court further elucidated the "small and special category" of state-law claims for which Section 1331 confers jurisdiction in Empire Healthchoice Assurance, Inc., 547 U.S. at 699. In that case, the Court found jurisdiction did not extend to a case regarding reimbursement of health benefits under a federal insurance contract. The Court distinguished Grable as "poles apart" because "[t]he dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute," and resolution of the federal issue "was both dispositive of the case and would be controlling in numerous other cases." Id. at 700; see also Nevada v. Bank of Am. Corp., 672 F.3d 661, 674–75 (9th Cir. 2012) (holding that Section 1331 did not confer jurisdiction over a claim for violation of a state statute that predicated liability on violations of the Federal Debt Collection Practices Act because the federal issues were not "pivotal" to the plaintiff's case).

EDCV 12-01278 VAP (SPx)
WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY
MINUTE ORDER of October 3, 2012

These cases illustrate that "arising under" jurisdiction will only extend to a plaintiff's state-law claim if resolution of a federal issue, such as construction of a federal statute, is necessary to adjudicate the claim itself. In Grable, the plaintiff's quiet title claim was wholly dependent upon a judicial determination of whether the IRS's actions complied with the federal statute. Likewise, in Smith, the plaintiff's claim was wholly dependent upon a judicial determination of whether federal bonds were constitutional. Wells Fargo's claims do not depend on the resolution of a federal issue in the same manner. Wells Fargo alleges that Defendants breached the parties' loan contract by failing to make payments and diverting funds from the custodial account; the trier of fact can determine whether Defendants breached the contract simply by construing the contract itself.

Defendants do not assert that determination of whether they breached the loan contract depends on federal law; instead, they argue that federal law acts as a bar to Wells Fargo's requested remedy of an injunction. See Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy not a separate claim or cause of action."). Defendants' reliance on IGRA to defeat an injunction establishes IGRA as a possible defense, not as a necessary issue that arises on the face of Wells Fargo's claims. Accordingly, the claims fail to satisfy the well-pleaded complaint rule.

Even if Defendants are correct that "any attempt to enforce a contractual provision relating to Indian gaming revenues . . . must meet the requirements of IGRA" (Defs.' Resp. at 8 n.4), those enforcement attempts do not necessarily arise under federal law. Neither Wapato Heritage, LLC v. Evans, 430 F. App'x 557 (9th Cir. Mar. 31, 2011), nor Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 63 F.3d 1030, 1047 & n.59 (11th Cir. 1995), provides persuasive support for Defendants' assertion that Wells Fargo's claims "arise under" IGRA simply because they involve a contract regarding Indian gaming revenues. Wapato was an unpublished memorandum disposition regarding Indian probate matters that provided no analysis on the jurisdictional issue, see 430 F. App'x at 559, and the plaintiff in Tamiami Partners claimed that the defendant had breached the contract by violating IGRA, see 63 F.3d at 1047, placing the case on all fours with Grable. To the extent either case suggests that jurisdiction can arise as a result of a defense based on federal law, the Ninth Circuit has rejected that principle. See CALSTAR,

**EDCV 12-01278 VAP (SPx)**
**WELLS FARGO BANK, NA v. CABAZON BAND OF MISSION INDIANS; AND EAST VALLEY TOURIST DEVELOPMENT AUTHORITY**
**MINUTE ORDER of October 3, 2012**

636 F.3d at 542.

Finally, to the extent Defendants argue that there is some exception to the well-pleaded complaint rule for cases involving a "specialized type of contract that is subject to extensive federal regulation," the Ninth Circuit rejected such a theory in K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1031–32 (9th Cir. 2011) (internal quotation marks omitted) (quoting Peabody Coal v. Navajo Nation, 373 F.3d 945, 951 (9th Cir. 2004)).  Federally regulated contracts only confer jurisdiction when the plaintiff's claim is predicated on a problem with the regulation itself.  See id. (distinguishing cases such as Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 848 (8th Cir. 2003), in which the plaintiff sought a judicial declaration on the validity of federal approval over its contract).  This is just another way of saying that claims regarding federally regulated contracts are subject to the well-pleaded complaint rule.  See Beneficial Nat'l Bank, 539 U.S. at 6.

Accordingly, Wells Fargo's claims do not "arise under" federal law, and the Court lacks federal subject matter jurisdiction over the action.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby REMANDS the action to the California Superior Court for the County of Riverside.


**IT IS SO ORDERED.**